**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4876**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

DONNIE WAYNE SHEFFIELD,

            Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(4:07-cr-00769-TLW-1)

Submitted:  March 30, 2010            Decided:  April 2, 2010

Before WILKINSON, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John W. Locklair, III, LOCKLAIR LAW FIRM, LLC, Surfside Beach,
South Carolina, for Appellant. Rose Mary Sheppard Parham,
Assistant United States Attorney, Florence, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donnie Sheffield appeals from the 120-month sentence imposed after he was found guilty of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006). Sheffield's counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising whether the district court erred by enhancing Sheffield's sentence by applying a Sentencing Guidelines cross-reference based on facts that were not proven beyond a reasonable doubt. Sheffield has filed a pro se supplemental brief, and the Government declined to file a brief. Finding no error, we affirm.

Sheffield received sentence enhancement based on facts that were not stipulated to or found by a jury beyond a reasonable doubt. Counsel raises the issue of whether this violated the Sixth Amendment in light of Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). We have held that the district court's application of sentencing enhancements based on facts found by a preponderance of the evidence does not violate the Sixth Amendment. See United States v. Hammond, 286 F.3d 189, 192 (4th Cir. 2002).

We have reviewed the claims Sheffield raises in his pro supplemental brief objecting to Agent Glover's testimony,

challenging a search of his home, objecting to introduction of evidence regarding domestic violence, objecting to sentencing enhancements, and dissatisfaction with counsel, and find them to be without merit. In accordance with <u>Anders</u>, we have also reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Sheffield's conviction and sentence. This court requires that counsel inform Sheffield, in writing, of the right to petition the Supreme Court of the United States for further review. If Sheffield requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Sheffield.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>